UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEFFIELD FINANCIAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAMERON ROBINSON,<br><br>　　　　Defendant. | No. 2:19-cv-02378-JAM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER STAYING THE CASE |

Presently before the court is defendant Cameron Robinson's[1] motion to dismiss. (ECF No. 5.) In opposition, plaintiff Sheffield Financial argues that the case should be remanded to state court.[2] (ECF No. 7.) The undersigned recommends remanding this matter, and therefore denying defendant's motion to dismiss (ECF No. 5) and motion to proceed in forma pauperis (ECF No. 2) as moot.

////

---

[1] In defendant's filing and at the hearing on this matter defendant informed the court that he has changed his name to Noble El Cam Bey. By referring to the name listed in the caption the court intends no disrespect.

[2] Although plaintiff did not file a motion to remand, but rather raised the issue in its opposition to defendant's motion to dismiss, the question of remand is properly before the court and not waived. See Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 973 (9th Cir. 1993) ("[R]aising the issue [of remand] in opposition to a motion to dismiss will suffice.").

1

**BACKGROUND**

Plaintiff, Sheffield Financial, filed this action in the Superior Court of California for the County of Stanislaus, alleging breach of contract and conversion as a result of defendant defaulting on a trailer loan in the amount of $9,041.94. (ECF No. 1 at 4-6.) Defendant removed this action on November 25, 2019, and filed a motion to dismiss the same day. (ECF Nos. 1, 3.) Defendant filed a second motion to dismiss after the court directed defendant to properly schedule his hearing.[3] (ECF No. 5.)

Defendant's motion to dismiss alleges that the contract attached to plaintiff's complaint is a forgery, and as a result plaintiff's complaint should be dismissed in its entirety. (ECF No. 6 at 1-2.)

Plaintiff's opposition argues that the court lacks subject matter jurisdiction, and therefore the case should be remanded to state court. (ECF No. 7.) In the alternative, plaintiff argues defendant's motion should be denied because it is deficient on its face. (Id.) Plaintiff also requests attorneys' fees. (Id.)

**DISCUSSION**

<u>Subject Matter Jurisdiction and Removal</u>

Plaintiff is correct that the court lacks subject matter jurisdiction over this case, necessitating remand.

Federal courts derive their subject matter jurisdiction from 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, and Section 1332 for diversity jurisdiction. Because it is unclear which bases defendant is asserting in his removal, the court briefly discusses both.

Federal courts are courts of limited jurisdiction and are obligated to consider sua sponte whether they have subject matter jurisdiction. <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1093 (9th Cir.2004). Even if the district court lacks jurisdiction, appellate courts have jurisdiction to

---

[3] The court treats this second motion as the operative motion to dismiss.

2

correct the error. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)

Federal-question jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000). Thus, federal jurisdiction cannot be derived from anticipated affirmative defenses. Effects Assocs., Inc. v. Cohen, 817 F.2d 72, 73 (9th Cir. 1987).

"For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017). Defendants seeking removal must prove by a preponderance of the evidence that these jurisdictional requirements are met. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

The removal statute is strictly construed against removal jurisdiction. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.2004). The defendant bears the burden of establishing that removal is proper. Id.

In the present case, defendant cites no federal law or constitutional provision that appears on the face of plaintiff's complaint that would confer this court with federal-question jurisdiction. In fact, all of plaintiff's causes of action are state-law claims. (See ECF No. 1 (alleging breach of written agreement, claim and delivery, conversion, and goods sold).)

Additionally, defendant cannot use any potential affirmative defense as a basis for federal-question jurisdiction. See Cohen, 817 F.2d at 73. Defendant's response to plaintiff's opposition asserts that jurisdiction exists because plaintiff violated the Federal Debt Collections Practices Act (FDCPA). (ECF No. 8.) However, these claims would have to be included in defendant's counterclaim, which defendant does not make; or perhaps used as an affirmative defense, which cannot be a basis for jurisdiction. See Cohen, 817 F.2d at 73. Even if defendant did make a counterclaim under the FDCPA it would fail as a matter of well-settled law because plaintiff is not a "debt collector" under the FDCPA, but rather a creditor to the transaction in question. See Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006) (The

"distinction between creditors and debt collectors is fundamental to the FDCPA," because the Act "does not regulate creditors' activities at all") (internal citation omitted). Accordingly, the court lacks federal-question jurisdiction, and allowing defendant leave to include a counterclaim would be fruitless.

Regarding diversity jurisdiction, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[4] Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Plaintiff's complaint requests $9,041.91, and defendant provides no affidavit, argument, or rationale as to how plaintiff's claim could exceed $75,000. Defendant has therefore not met his burden of proof for diversity jurisdiction.

Because defendant has not met his burden for establishing subject matter jurisdiction following his removal, the court recommends remanding this matter.

Attorneys' Fees

Plaintiff additionally requests attorneys' fees incurred in fighting defendant's removal. Attorneys' fees arising as a result of removal are recoverable pursuant to 28 U.S.C. § 1447(c). Costs and attorneys' fees may be awarded if a defendant's decision to remove was objectively unreasonable. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 552 (9th Cir. 2018).

Here, based on the lack of support defendant provided in seeking removal and the apparent lack of any basis for subject matter jurisdiction, the court would be within its discretion to impose fees and costs against him. However, because defendant is pro se, and it appears that plaintiff did not expend much time as a result of removal, the court recommends denying plaintiff's request for fees and costs.

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's request to remand this case be GRANTED;
2. This case be remanded to the Superior Court of California for the County of Stanislaus;

---

[4] The court makes no finding regarding the citizenship of the parties.

3. Defendant's motion to dismiss (ECF No. 5) be denied as moot;

4. Defendant's motion to proceed in forma pauperis (ECF No. 2) be denied as moot;

5. Plaintiff's request for attorneys' fees be denied; and

6. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the Court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

IT IS SO ORDERED AND RECOMMENDED.

Dated: January 10, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shef.2378

5